**In the Matter of UNIVERSAL MEDICAL SERVICES, INC.**

**Petition of MARQUETTE CAPITAL CORPORATION.**

No. 70–456.

United States District Court, E. D. Pennsylvania.

March 29, 1971.

See also, D.C., 325 F.Supp. 890.

Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., Prince, Schoenberg & Fisher, Chicago, Ill., for petitioner; Michael Churchill, Philadelphia, Pa., of counsel.

Marvin Krasny, of Adelman & Lavine, Philadelphia, Pa., for Irving H. Kutcher, Trustee.

## MEMORANDUM AND ORDER

JOHN W. LORD, Chief Judge.

This petition presents to the Court an appeal from an order of the Referee in Bankruptcy denying the petitioner reclamation.

Universal Medical Services, hereinafter Bankrupt, on February 23, 1970, issued a purchase order to Marquette Electronics, Inc., hereinafter Electronics, for medical computer equipment costing $31,455.00. While the form was clearly a purchase order, a salesman of Electronics testified that the equipment was "always intended to be leased," and that the purchase order was merely to facilitate the issuance of a lease. The equipment was shipped on March 18, 1970, without any lease having been executed; indeed, a lease was never executed. Petitioner's shop order indicates that Electronics *shipped and sold* the equipment to the bankrupt, despite instructions on its face to "hold for O.K. from controller".

Although the president of Electronics testified that it and Marquette Capital were separate companies, we take notice of the fact that the purchase order from Capital to Electronics is on a purchase order form of Electronics with the words "Electronics, Inc." lined out, and the words "Capital Co." inserted. The address of these companies is also the same.

On August 6, 1970, the day before the filing of the petition under Chapter XI, Capital sought to revoke what it termed an offer to lease,[1] and to remove the equipment.

The Chapter XI proceedings aborted on October 20, 1970, and Universal was adjudicated a bankrupt. On December 7, 1970, the trustees sold at public auction the assets of the bankrupt. Petitioner, having been unsuccessful with its petition before the referee, filed its Reclamation Bond at the hearing on the confirmation of the public sale, and filed

---

1. Capital had forwarded a lease to Bankrupt, although it was never executed.

a petition for Review of the Referee's order of December 1, 1970.

The testimony at the hearing, which was not disputed by the Receiver, was that Bankrupt, after demonstrations of the equipment by a salesman of Electronics placed an order for $31,455.00 from Electronics on a purchase order dated February 23, 1970. The salesman testified that neither party intended the order as an offer to buy, but as a basis for the preparation of a lease, which an officer of Electronics testified is a customary practice. A shop order was then prepared. The testimony further shows that negotiations concerning lease financing continued from February 23 through March 16, and concerned itself with whether the equipment would be leased through it, or through other leasing companies, as well as the terms of the lease. Petitioner's witnesses also stated that it believed Bankrupt offered to lease through it, and that Petitioner issued its purchase order to Electronics directing shipment of the equipment.

On or about March 27, 1970, a lease was prepared and forwarded to Bankrupt, although it was never signed and no rentals were ever received. No bill was sent, although a witness for Electronics testified that had this been a sale, this would have been done. Petitioner testified that it continued to request Bankrupt to execute the lease.

More persuasive, we feel, than the testimony offered are the actual documents involved. While leasing may have been seriously discussed, no lease was ever executed, and both the purchase order from Bankrupt to Electronics and Electronics' shop order show an intent on the Bankrupt's part to purchase. Beyond this, however, Electronics' shop order clearly states that the equipment was being sold to the Bankrupt.

Petitioner relies upon only one case, and we find that to be inapposite. In re Metropolitan Offset Printers, Inc., 391 F.2d 770 (3rd Cir. 1968), concerned a company, Publication Offset Printers, Inc., which leased a printing press until its bankruptcy. Thereafter, Metropolitan acquired the premises and negotiated for the press, which had not yet been repossessed. Subsequently, Metropolitan executed a lease and made several payments before its own bankruptcy. However, the lessor had not executed the lease. The court found that the lessor owned the machine and was entitled to it. We do not find those facts applicable to this case. Rather, in the instant case, there is every indication of a sale from Electronics to Bankrupt, contradicted only by the self-serving testimony of employees and an officer of Electronics that this transaction, conducted like a sale, written up and delivered on sale forms, was not a sale.

We are in accord with the Referee in Bankruptcy's findings that there was a sale, which was to be financed by a lease which was never consummated; that the seller had an unrecorded security interest in said equipment which was invalid against the receiver in bankruptcy under Section 9–301 of the Uniform Commercial Code, 12A P.S. § 9–301; and that the Petitioner is not entitled to possession of the equipment.

## ORDER

And now, to wit, this 29th day of March, A.D., 1971, it is ordered that petition for review of the order of the Referee in Bankruptcy be and the same is hereby denied.

And it is so ordered.